Mandel Brothers, Inc., Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed February 1, 1939.*

Taylor, Miller, Busch & Boyden, for claimant.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

On August 9, 1937 claimant submitted its bid in the sum of Five Hundred Seven ($507.00) Dollars on certain merchandise to be furnished respondent at the East Moline State Hospital; such bid being made in conformity with all the formalities required by Illinois statute and in accordance with provisions and conditions of a proposal and specification issued by the Division of Purchases and Supplies, Department of Finance of Illinois. Claimant was the bidder. Its bid was accepted and on April 23, 1937 a purchase order was issued for the carpet in question. The latter was delivered to the East Moline State Hospital in due course. On August 10, 1937 the managing officer of said institution requested Mandel Brothers to forward the invoices for such merchandise. On August 24th a further notice was sent by the managing officer to Mandel Brothers, calling their attention to the complaint of August 10th of failure to send invoices, and further notifying claimant that their continued failure to furnish such invoice in triplicate at once would necessitate submitting their bill to the Court of Claims. On September 9, 1937 a third complaint was directed by the managing officer to Mandel Brothers for failure on the latter's part to send an invoice for said merchandise. The rugs in question had previously been shipped in due and regular course. On September 21st the managing officer telegraphed claimant, "Invoices Still Not Received Must Have By Return Mail. Acknowledge Receipt of This Telegram." A copy of such message was for-

warded by mail on the same day. On the following day, September 22nd, Mandel Brothers wired Dr. J. A. Campbell, managing officer of the hospital that they were sending the bills by mail that day. On September 23, 1937 the managing officer acknowledged to Mandel Brothers, receipt of invoices and called their attention to the fact, that the purchase order was for Five Hundred Seven ($507.00) Dollars and the invoices were billed at Five Hundred Eighty-six and 46/100 ($586.46) Dollars, further informing claimant that he was changing the amount of the invoice to conform to the order, and that if this was not correct, for Mandel Brothers to contact M. S. Bibo, State Purchasing Agent. The latter promptly instructed Mandel Brothers to amend the price quoted on their purchase order to read Five Hundred Eighty-six and 46/100 ($586.46) Dollars, which would conform to their bill. In the meantime, i. e. on September 30, 1937, Voucher No. 4718 had cleared from the State Auditor''s Office, payable to Mandel Brothers in the sum of Five Hundred Seven ($507.00) Dollars for the account in question. On October 8th Mandel Brothers notified the State Auditor that they were unable to place this check to the credit of the State because their bill totalled Five Hundred Eighty-six and 46/100 ($586.46) Dollars. On October 11th the Division of Finance, in answer to an inquiry from the managing officer of the hospital advised the latter that as the appropriations from the 59th General Assembly had lapsed on September 30, 1937, any further action on the Mandel account would go through the Court of Claims. Mandel Brothers were so notified on October 16, 1937, and on February 2, 1938 filed their claim herein for recovery of the sum of Seventy-nine and 46/100 ($79.46) Dollars balance due on ''purchase price amended,'' of the merchandise in question.

It is admitted by a stipulation on file that claimant has received the sum of Five Hundred Seven ($507.00) Dollars but has not received the additional amount of Seventy-nine and 46/100 ($79.46) Dollars which is asked.

The Attorney General's office contends that when claimant's bid of Five Hundred Seven ($507.00) Dollars was accepted, a binding contract was created between claimant and respondent, and that upon delivery of the goods and the issuance of the warrant for the price bid, the contract was completely executed; that the claimant has been paid the con-

tract price and that the payment of any additional amount would violate the constitutional restriction imposed by Section 19 of Article 4, Illinois Constitution of 1870. This provision reads in part as follows:

"The General Assembly shall never grant or authorize extra compensation, fee or allowance to any * * * contractor, after service has been rendered or a contract made, nor authorize the payment of any claim or part thereof, hereafter created against the State under any agreement or contract made without express authority of law; and all such unauthorized agreements or contracts shall be null and void."

The attempted increase of the purchase order was void and there is nothing in the record to support Mr. Bibo's action in attempting to authorize same. Claimant herein contends that as the original contract was authorized by law, the restraint on payment set forth in the constitutional provision above quoted is not applicable. The law does not contemplate that bids may be made in one amount and then after having been accepted as the low bid, be increased and a larger amount paid, in the absence of a proper showing of a law permitting such increase.

We believe the constitutional provision to be applicable in the present case. Claimant cites the case of *Rock Island Sand & Gravel Co.* vs. *State of Illinois*, 8 C. C. R. 165 and quotes the following:

"Where the facts are undisputed that the State has received supplies as ordered by it and that such supplies were legally bought by the State and that a bill therefor was not presented before the lapse of the appropriation out of which such payment could be made, and further that claimant has not permitted an unreasonable length of time to elapse in so failing to present the bill, an award for the amount due will be made by the Court of Claims. *Shell Petroleum Corp.* vs. *State*, 7 C. C. R. 224."

One of the essentials in the allowance of claims under the above conditions is as above stated, "that claimant has not permitted an unreasonable length of time to elapse in presenting its bill." In the present case the record discloses that it was only after repeated requests by letter and telegram that respondent was able to obtain a bill for the merchandise in question. Had claimant not ignored such requests it might have obtained an adjustment of its account before the appropriations of the 1935-37 biennium lapsed. As to that, we cannot say, but as the matter now stands before this court, no award can be legally made. Award denied and claim dismissed.